Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| | | |
|---|---|---|
| SIR ROBINSON<br><br>RECURRIDO<br><br>V.<br><br>REGINA TETISHA ROBINSON T/C/C REGINA TETISHA ANDERSON<br><br>PETICIONARIA | TA2026CE00101 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm. SJ2025RF00156<br><br>Sobre: Divorcio Ruptura Irreparable |

Panel integrado por su presidenta, la Juez Lebrón Nieves, el Juez, Pagán Ocasio y la Jueza Álvarez Esnard.

Pagán Ocasio, juez ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 27 de febrero de 2026

**I.**

El 27 de enero de 2026, la señora Regena T. Robinson (peticionaria) presentó, por derecho propio, un recurso de *Certiorari* en el que nos solicitó que revoquemos la *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI o foro primario), el 17 de enero de 2026, notificada y archivada digitalmente en autos el 20 de enero de 2026.[1] Mediante dicho dictamen, el foro primario declaró No Ha Lugar la solicitud de desestimación presentada por la peticionaria. Además, le levantó la anotación de rebeldía y le concedió quince (15) días para presentar contestación a la demanda.

---

[1] Véase entrada núm. 32 del expediente digital del caso en el Sistema Unificado de Manejo y Administración de Casos del Tribunal de Primera Instancia (SUMAC-TPI).

El 2 de febrero de 2026, emitimos una *Resolución* en la que le concedimos al señor Sir Robinson (recurrido) hasta el 13 de febrero de 2026, para exponer su posición sobre los méritos del recurso.[2]

El 9 de febrero de 2026, el recurrido presentó una *Oposición a Expedición de Recurso de Certiorari* en la que solicitó que deneguemos el recurso o, en la alternativa, que confirmemos la *Resolución* recurrida.[3]

Con el beneficio de la comparecencia de las partes, damos por perfeccionado el recurso. En adelante, pormenorizamos los hechos procesales pertinentes a la atención del recurso.

**II.**

El caso de marras tuvo su génesis el 14 de agosto de 2025, cuando el recurrido presentó una *Demanda* sobre divorcio por la causal de ruptura irreparable en contra de la peticionaria.[4] Alegó que entre las partes surgieron desavenencias que provocaron una ruptura irreparable de los nexos de convivencia matrimonial y que no existe la posibilidad de reconciliación. Por lo cual, solicitó la disolución del vínculo matrimonial. En lo pertinente, alegó ser residente de Puerto Rico por más de un (1) año, previo a la presentación de dicha demanda, mientras que la peticionaria reside en el estado de Michigan.

El 2 de septiembre de 2025, el recurrido presentó una moción intitulada *En cumplimiento de Orden,* en la que informó que, por los intentos infructuosos del diligenciamiento del emplazamiento personal de la peticionaria, contrató un investigador privado en el estado de Michigan para que lo diligenciara.[5]

Posteriormente, el 22 de septiembre de 2025, el recurrido notificó el diligenciamiento del emplazamiento personal junto a la

---

[2] Véase entrada núm. 3 del expediente digital del caso en el Sistema Unificado de Manejo y Administración de Casos del Tribunal de Apelaciones (SUMAC-TA).
[3] Íd., entrada núm. 6.
[4] Véase entrada núm. 1 del expediente del caso en el SUMAC-TPI.
[5] Íd., entrada núm. 4.

entrega de la *Demanda* y la documentación pertinente a la peticionaria.[6]

El 21 de octubre de 2025 y notificada el 22 de octubre de 2025, el TPI anotó la rebeldía a la peticionaria por haber transcurrido el término para contestar la demanda, sin que lo hiciera, y señaló una vista para el 28 de octubre de 2025.[7]

Así las cosas, el 5 de noviembre de 2025, la peticionaria presentó, por derecho propio, una *Moción en oposición a citación defectuosa*, en la que impugnó el emplazamiento efectuado.[8] En síntesis, alegó que, mientras estaba recuperando unos documentos del contenedor de reciclaje, un desconocido la saludó y, creyendo que se trataba de un vecino, le respondió cortésmente. Indicó que, el individuo continuó la conversación y que, al girarse, se percató que se trataba de un extraño que fingía ser conocido utilizando su nombre, por lo que ésta entró a su residencia de inmediato. Sostuvo que, dicho individuo no intentó entregarle documento o sobre alguno, contrario a lo que el recurrido alegó. Por ello, manifestó que el emplazamiento fue defectuoso.

De otra parte, mencionó que existía un proceso de divorcio en el Estado de Michigan en el cual es demandante y que el recurrido no cumple con el requisito de residencia para establecer jurisdicción en Puerto Rico y presentar la demanda de divorcio.

En la misma fecha, la peticionaria presentó, por derecho propio, una *Moción para desestimar la demanda del demandante.*[9] Nuevamente, alegó que no fue debidamente emplazada por lo que solicitó la desestimación de la demanda. Asimismo, reiteró que existe un procedimiento de divorcio pendiente en el estado de Michigan y que el recurrido no cumple con el requisito de residencia.

---

[6] Íd., entrada núm. 6.
[7] Íd., entrada núm. 8.
[8] Íd., entrada núm. 11.
[9] Íd., entrada núm. 12.

Por su parte, el 17 de noviembre de 2025, el recurrido presentó una moción intitulada *En cumplimiento de Orden.*[10] Sostuvo que no existe un caso activo en el estado de Michigan y que el recurrido reside en Puerto Rico por más de un año (1) con anterioridad a la presentación de la demanda, contrario a lo que alegó la peticionaria. Asimismo, arguyó que la declaración jurada del emplazador demuestra que este dejó los documentos accesibles a la inmediata presencia de la peticionaria, a pesar de habérsele extendido el sobre con los documentos y ella haberse negado a recibirlos.

El 17 de noviembre de 2025 y notificada el 18 de noviembre de 2025, el foro primario señaló una vista para atender la solicitud de desestimación para el 13 de enero de 2026.[11]

Tras varios trámites procesales, el 13 de enero de 2026, el recurrido presentó una moción intitulada *Notificando prueba.*[12] En ésta, anunció la prueba que se proponía a utilizar en la vista a celebrarse para atender el asunto jurisdiccional. Incluyó un dictamen de la Corte de Circuito del estado de Michigan mediante el cual se desestimó un pleito entre las partes, por falta de jurisdicción. Además, anunció como testigo al emplazador, el señor Edward Stanek.

El 13 de enero de 2026, se celebró una vista mediante videoconferencia para atender el asunto jurisdiccional. La peticionaria compareció por derecho propio y el recurrido por conducto de su representación legal. También comparecieron los respectivos traductores de las partes. Según surge de la *Minuta,* el tribunal hizo constar que la peticionaria argumenta mediante su solicitud que el recurrido no cumple con el requisito de residencia

---

[10] Íd., entrada núm. 17.
[11] Íd., entrada núm. 18.
[12] Íd., entrada núm. 28.

para presentar la demanda de divorcio y que el diligenciamiento del emplazamiento no fue conforme a derecho.[13] También, que arguyó que la jurisdicción del asunto la ostenta el Estado de Michigan, toda vez que se presentó allá una demanda de divorcio entre las partes. Además, el TPI reflejó que la peticionaria indicó que continuaría en la vista por auto representación, así lo decidió tras ser debidamente orientada.

En cuanto a la prueba, el tribunal señaló que la peticionaria había declarado bajo juramento tener conocimiento del documento judicial de la Corte de Michigan que presentó el recurrido, pero que luego ésta indicó que no había tenido oportunidad de leerlo. Por otra parte, el señor Edward Stanek, testigo del recurrido, declaró ampliamente sobre el emplazamiento que diligenció a la peticionaria. Asimismo, el recurrido declaró que vivía en Puerto Rico hace dos (2) años, pero que, por motivos de trabajo viaja mucho. Las partes hicieron sus argumentos finales con respecto a sus posturas relacionadas a la solicitud de desestimación.

El 17 de enero de 2026 y notificada el 20 de enero de 2026, el TPI emitió una *Resolución* en la que declaró No Ha Lugar la moción de desestimación presentada por la peticionaria.[14] En esta, formuló las siguientes determinaciones de hechos:

1. El demandante reside en 48 Avenida Luis Muñoz Rivera, Apartamento 3005 en San Juan, Puerto Rico.
2. La demandada reside en 7481 Honeysuckle Road West Bloomfield, MI 48324.
3. Las partes se encuentran casadas y el demandante está peticionando el divorcio por la causal de ruptura irreparable invocando la jurisdicción de este Tribunal por haber residido en Puerto Rico por más de un año con anterioridad a la presentación de la demanda el 14 de agosto de 2025.
4. La demandada reside con su hija en el Estado de Michigan e informa que se trasladó a dicho lugar por

---

[13] Íd., entrada núm. 33.
[14] Íd., entrada núm. 32.

razones de seguridad. Sin embargo, admitió que su hija recibió educación de un colegio privado en Puerto Rico (Robinson School), a través de videoconferencia, en el Estado de Michigan. Según esta, se trató de un acomodo especial de la institución localizada en Puerto Rico para beneficio de su hija. Actualmente le ofrece a su hija "homeschooling" en el Estado de Michigan.

5. El Sr. Edward N. Stanek es un investigador privado licenciado. Este fue contactado por la oficina legal del abogado del demandante para la gestión del diligenciamiento del emplazamiento a la demandada. No tiene interés alguno en el caso ni conoce a las partes de epígrafe.

6. El 19 de septiembre de 2025 el Sr. Edward Stanek se presentó aproximadamente las 8am a 7481 Honeysuckle Road West Bloomfield, MI 48324. Se estacionó al lado de la calle observando la residencia, salió del carro y se dirigió trotando hacia la entrada vehicular donde le dice "Hi" a la persona que identifica como la Sra. Regena por haber visto fotografías previas de esta. La demandada se volteó, se sonrío y le devolvió el saludo. Le informó que tenía documentos legales para entregarle y extendió su mano con el sobre, ahí la Sra. Regena se dio la vuelta y se dirigió a su casa. Este le indicó que podía darle el sobre directo o ponerlo en la puerta, de igual forma quedaba "servida". La Sra. Regena entró a la casa, cerró la puerta y este procedió a colocar el sobre entre la puerta, regresó al vehículo y se fue. El sobre contenía la demanda y el emplazamiento.

7. La Sra. Regena, quien manifestó no recordar la fecha del diligenciamiento, aceptó que el día en cuestión salió de su casa al contenedor de reciclaje, vio a alguien trotando (jogging) que le dijo hola, su nombre y fingió ser su amigo. Ella le respondió el saludo, pero luego lo notó sospechoso y le dio la espalda entrando a su apartamento. Afirma que este no le entregó documentos a la mano, pero admite que luego encontró el sobre en su apartamento, aunque manifiesta no saber lo que contenía al no haberlo abierto. Posteriormente añadió que depositó el sobre en la basura. Específicamente la demandada declara que después de entrar a la casa, le dejaron allí los documentos. La demandada dice que supo del caso en Puerto Rico, no porque abriera el sobre, sino porque el abogado del demandante le envío los documentos por correo.

8. Aunque la Sra. Regena hace referencia a contenido de cámaras de vigilancia, fotografías y declaraciones de vecinos, esa prueba no fue ofrecida ni admitida en evidencia al ser objetada por el demandante por no haber sido notificada previamente, tratarse de prueba referencia, entre otros argumentos planteados que fueron declarados ha lugar por este Tribunal. Tampoco la demandada ofreció en evidencia la prueba a la cual aludió en su testimonio, afirmando que ella podía declarar sobre los hechos.

9. El Sr. Sir Robinson reside en San Juan, Puerto Rico por más de un año previo al 14 de agosto de 2025 cuando presentó su Demanda.

10. El Sr. Sir Robinson sostuvo que su residencia es en Puerto Rico y que viaja continuamente fuera del país únicamente por motivos de trabajo y siempre con la intención de regresar a Puerto Rico. La demandada, por su parte, expresó que este se registró para votar en Michigan y fue citado como jurado en ese Estado, sin embargo, admitió desconocer cuál era la ubicación permanente del demandante y si este había otorgado un nuevo contrato de arrendamiento.

11. La demandante declaró que presentó un caso de divorcio contra el Sr. Sir Robinson en el Estado de Michigan en el cual se le ofreció la oportunidad de presentar prueba sobre el aspecto jurisdiccional. Esta reconoció e identificó un documento judicial, el cual tuvo la oportunidad de leer para refrescar su memoria y fue admitido como Exhibit I de la parte demandante. El mismo tiene el epígrafe de **Regena Robinson vs. Sir Robinson, case núm. 2025-535271-DM ante la Hon. Juez Julie A. McDonald y se títula "Order of Dismissal for lack of jurisdiction".** De dicho documento se desprende que las partes comparecieron a un proceso judicial en el Condado de Oakland, Estado de Michigan el 15 de diciembre de 2025 para la continuación de una vista sobre un asunto jurisdiccional durante la cual el Tribunal admitió prueba documental y escuchó el testimonio bajo juramento de ambas partes para concluir que **la demandante no cumple con los requisitos jurisdiccionales del Estado de Michigan para presentar la acción, en este caso de divorcio.** (Énfasis en el original).

El foro primario determinó, a base de la prueba desfilada y la credibilidad que ésta le mereció, que se adquirió jurisdicción sobre la persona de la peticionaria, en cumplimiento con lo dispuesto en la Regla 4.4(a) de Procedimiento Civil, 32 LPRA Ap. V, R. 4.4(a). En síntesis, concluyó que la declaración jurada prestada por el emplazador, anejada al diligenciamiento del emplazamiento y al expediente del caso, acreditan que el sobre que contenía la demanda y el emplazamiento se hicieron accesibles a la peticionaria en su inmediata presencia. En cambio, al tribunal no le mereció credibilidad el testimonio de la peticionaria negando el emplazamiento.

En cuanto al pleito en el estado de Michigan, el TPI resolvió que el planteamiento de la peticionaria sobre falta de jurisdicción se derrota con la prueba documental admitida, que demuestra que la demanda de divorcio en dicho estado fue desestimada, precisamente, por incumplimiento con requisitos jurisdiccionales.

Por último, el TPI determinó que el recurrido cumple con el requisito jurisdiccional dispuesto en el Artículo 424 del Código Civil de Puerto Rico de 2020, 31 LPRA sec. 6771. Concluyó que, las ausencias temporales del recurrido en Puerto Rico, por razones de trabajo, no interrumpen su domicilio ni residencia, toda vez, que su intención es regresar a su residencia en Puerto Rico. El TPI, en el ejercicio de su discreción, levantó la anotación de rebeldía de la peticionaria y le ordenó contestar la demanda dentro del termino de quince (15) días.

Inconforme con la determinación del TPI, la peticionaria presentó, por derecho propio, el recurso de *certiorari* de epígrafe en el que formuló los siguientes señalamientos de error:

A. Violación al debido proceso por considerar una moción no notificada y permitir un testigo sorpresa

B. La admisión de un testigo sorpresa sin notificación constituyó un abuso de discreción

C. El tribunal impropiamente excluyó la evidencia de la peticionaria en una vista jurisdiccional.

D. El tribunal de instancia erró en derecho al determinar residencia estatutaria basándose en prueba legalmente insuficiente

E. El tribunal de instancia no aplicó correctamente la doctrina de los actos propios

F. El tribunal impropiamente forzó una renuncia a representación legal

En resumen, la peticionaria alegó que, no se le notificó con anticipación de la prueba que desfiló en la vista evidenciaria y que el tribunal no le permitió presentar su propia evidencia para cuestionar el emplazamiento y la residencia del recurrido. Adujo que, el TPI cometió un error de derecho y violó el debido proceso de ley de la peticionaria al basarse en una moción que no le fue notificada oportunamente y que permitió el testimonio de un testigo sorpresa del recurrido, mientras excluía su evidencia. Arguyó que, lo anterior, impidió que ésta se preparara para impugnar dicho testimonio, creando un procedimiento desequilibrado, lo que constituyó un abuso de discreción. De otra parte, arguyó que el foro primario la coaccionó para representarse por derecho propio, al no darle oportunidad para contratar abogado. En fin, solicitó que se revoque la resolución recurrida, para que se celebre una nueva vista jurisdiccional.

Por su parte, el 9 de febrero de 2026, el recurrido presentó una *Oposición a expedición de recurso de certiorari*. Arguyó que la peticionaria compareció por derecho propio de forma libre y voluntaria, que no levantó objeción a la notificación de la moción anunciando prueba y que tenía conocimiento del testigo desde que fue emplazada. Además, adujo que la peticionaria reconoció el documento judicial de la Corte de Michigan.

El recurrido sostuvo que la peticionaria no nos puso en posición de expedir el auto solicitado por lo cual no debe ser

expedido. En la alternativa, suplicó que se confirme la *Resolución* recurrida dado que, a su juicio, no se cometió el error señalado.

En adelante, pormenorizaremos el derecho aplicable al presente recurso.

**III.**

**A.**

El auto de *certiorari* es un remedio procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. ***Medina Nazario v. McNeil Healthcare LLC***, 194 DPR 723, 728 (2016). Es en esencia un recurso extraordinario por el cual se solicita a un tribunal de mayor jerarquía la corrección de un error cometido por el tribunal inferior. *supra*, pág. 729. Una característica distintiva del auto de *certiorari* es que se asienta en la discreción delegada al tribunal revisor para autorizar su expedición y adjudicación. ***IG Builders et al. v. BBVAPR***, 185 DPR 307, 338 (2012). No obstante, nuestra discreción debe ejercerse de manera razonable, y siempre procurar lograr una solución justa. ***Torres Martínez v. Torres Ghigliotty***, 175 DPR 83, 98 (2008).

Con el fin de que podamos ejercer de una manera sabia y prudente nuestra facultad discrecional, la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada*, **In re Aprob. Enmdas. Reglamento TA***, 2025 TSPR 141, pág. 63, 216 DPR __ (2025), establece los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *certiorari*.[15]

---

[15] Esta Regla dispone lo siguiente:

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

Reiteradamente, el Tribunal Supremo de Puerto Rico ha expresado que en su misión de hacer justicia la discreción "es el más poderoso instrumento reservado a los jueces". *Rodríguez v. Pérez*, 161 DPR 637, 651 (2004); *Banco Metropolitano v. Berríos*, 110 DPR 721, 725 (1981). La discreción se refiere a "la facultad que tiene [el tribunal] para resolver de una forma u otra, o de escoger entre varios cursos de acción". *Citibank et al. v. ACBI et al.*, 200 DPR 724, 735 (2018); *García López y otro v. E.L.A.*, 185 DPR 371 (2012). En ese sentido, ha sido definida como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *Citibank et al. v. ACBI et al.*, *supra*; *Medina Nazario v. McNeil Healthcare LLC*, *supra*, pág. 729. Lo anterior "no significa poder actuar en una forma u otra, haciendo abstracción del resto del Derecho". *Hietel v. PRTC*, 182 DPR 451, 459 (2011); *Pueblo v. Rivera Santiago*, 176 DPR 559, 580 (2009); *Negrón v. Srio. de Justicia*, 154 DPR 79, 91 (2001); *Bco. Popular de P.R. v. Mun. de Aguadilla*, 144 DPR 651, 658 (1997). Ello, ciertamente, constituiría un abuso de discreción.

En ese sentido, el Tribunal Supremo de Puerto Rico ha establecido que "la discreción que cobija al Tribunal de Primera Instancia en sus determinaciones discrecionales es amplia, por lo que sus decisiones merecen gran deferencia". *Citibank et al. v. ACBI et al.*, *supra*, pág. 735. Cónsono con ello, es norma reiterada que este tribunal no intervendrá "con determinaciones emitidas por el foro primario y sustituir el criterio utilizado por dicho foro en el ejercicio de su discreción, salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad, incurrió en craso abuso con el ejercicio

---

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

de la discreción, o que incurrió en error manifiesto". ***Citibank et al. v. ACBI et al.***, *supra*, pág. 736. Véase, además, ***Trans-Oceanic Life Ins. v. Oracle Corp.***, 184 DPR 689, 709 (2012); ***Lluch v. España Service Sta.***, 117 DPR 729, 745 (1986).

**B.**

La Regla 10.2 de Procedimiento Civil, *supra*, R. 10.2, permite que una parte demandada solicite del tribunal la desestimación de la demanda presentada en su contra, antes de contestar o por medio de la misma contestación a la demanda, bajo los siguientes fundamentos: (1) falta de jurisdicción sobre la materia; (2) **falta de jurisdicción sobre la persona**; (3) **insuficiencia del emplazamiento**; (4) **insuficiencia del diligenciamiento del emplazamiento**; (5) dejar de exponer una reclamación que justifique la concesión de un remedio, o (6) dejar de acumular una parte indispensable. ***Blassino Alvarado v. Reyes Blassino***, 214 DPR 823, 833 (2024); ***Cobra Acquisitions v. Mun. Yabucoa et al.***, 210 DPR 384, 396 (2022) (Énfasis nuestro).

El emplazamiento es el mecanismo procesal a través del cual se informa a la parte demandada sobre la existencia de una acción judicial presentada en su contra y se le requiere comparecer para formular la alegación que corresponda. ***Ross Valedón v. Hosp. Dr. Susoni et al.***,213 DPR 481, 487 (2024). Este método de notificación permite al tribunal adquirir jurisdicción sobre la persona demandada de forma tal que este quede obligado por el dictamen que en su día recaiga. ***Rivera Marrero v. Santiago Martinez***, 203 DPR 462, 480 (2019).

Las Reglas de Procedimiento Civil, *supra*, establecen dos formas en las que se podrá diligenciar el emplazamiento. Estas son: de manera personal o mediante edictos. ***Sánchez Ruiz v. Higuera Pérez et al.***, 203 DPR 982, 987 (2020). En lo pertinente, la Regla 4.4 de Procedimiento Civil, *supra*, R. 4.4, dispone lo siguiente:

El emplazamiento y la demanda se diligenciarán conjuntamente. Al entregar la copia de la demanda y del emplazamiento, **ya sea mediante su entrega física a la parte demandada o haciéndolas accesibles en su inmediata presencia**, la persona que lo diligencie hará constar al dorso de la copia del emplazamiento su firma, la fecha, el lugar, el modo de la entrega y el nombre de la persona a quien se hizo la entrega. El diligenciamiento se hará de la manera siguiente:

(a) A una persona mayor de edad, entregando copia del emplazamiento y de la demanda a ella personalmente o a un agente autorizado o una agente autorizada por ella o designada por ley para recibir un emplazamiento. [...] (Énfasis nuestro).

## C.

De otra parte, la disolución del matrimonio implica "una ruptura definitiva del vínculo y la disolución del régimen económico." Artículo 420 del Código Civil de Puerto Rico de 2020, *supra*, sec. 6744. Esta puede declararse mediante sentencia judicial o por escritura pública. Artículo 423 del Código Civil de Puerto Rico de 2020, *supra*, sec. 6761. Específicamente, ante un tribunal, una persona que desee disolver su matrimonio puede presentar una petición conjunta de divorcio por consentimiento o una petición conjunta o individual por ruptura irreparable. Artículo 425 del Código Civil de Puerto Rico de 2020, *supra*, sec. 6772.

Ahora bien, es un requisito jurisdiccional para solicitar la disolución del vínculo matrimonial, que el cónyuge promovente haya residido en Puerto Rico por un año, de manera continua e inmediatamente antes de presentar la demanda de divorcio, a menos que los motivos en que se funde la petición hayan ocurrido en Puerto Rico o si uno de los cónyuges reside aquí. Artículo 424 del Código Civil de Puerto Rico de 2020, *supra*, sec. 6771. El periodo de residencia del cónyuge promovente puede ser menor si la muerte presunta del cónyuge ocurre en Puerto Rico. Íd.

**IV.**

En el presente caso, la peticionaria arguye que el foro primario erró en derecho y que abusó de su discreción al denegar la solicitud de desestimación de la *Demanda* que ésta presentó. A su juicio, el TPI no tiene jurisdicción sobre su persona porque el emplazamiento fue defectuoso y porque el recurrido no cumple con los requisitos jurisdiccionales sobre residencia para presentar una demanda de divorcio en Puerto Rico.

En cambio, el recurrido sostiene que la determinación del foro primario fue correcta. Por su parte, alega que el emplazamiento fue efectivo, cumple con el término de residencia para radicar la demanda de divorcio y porque el pleito de divorcio en el Estado de Michigan fue desestimado.

Tras un análisis objetivo, sereno y cuidadoso del expediente y de la petición de *certiorari*, a la luz de los criterios esbozados en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, resolvemos que debemos abstenernos de ejercer nuestra función revisora discrecional y rechazar intervenir con la determinación del TPI.

Por ello, no debemos variar su criterio ni intervenir con su discreción. En consecuencia, corresponde denegar la expedición del *certiorari* solicitado.

**V.**

Por los fundamentos pormenorizados, se deniega la expedición del auto de *certiorari*.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones